IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY A. ABBATIELLO, :
:
    Plaintiff, :
:
v. : Civ. No. 19-1317-CFC
:
DANA METZGER, et al., :
:
    Defendants. :

---

Anthony A. Abbatiello, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 25, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Anthony A. Abbatiello ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) He has filed several motions. (D.I. 4, 5, 6, 9, 16, 17) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff's first claim alleges there is black mold growing inside airducts in the JTVCC's ventilation system due to a building code violation (*i.e.*, "cold air returns hooked up inside of the shower rooms in Buildings B, D, V, W, 17-19 in order to vent steam"). (D.I. 3 at 5) Plaintiff alleges that Defendant JTVCC Warden Dana Metzger ("Metzger") and former Delaware Department of Correction ("DOC") Commissioner Perry Phelps ("Phelps") were aware of the black mold. (*Id.*) Plaintiff alleges that Defendant David Hugg ("Hugg"), Director of Planning and Inspection for the City of Dover, Delaware, allowed Defendants to maintain a certificate of occupancy despite the clear building code violations. (*Id.*) Plaintiff alleges that as a result of the black mold he has suffered breathing problems and is exposed to cancerous materials. (*Id.* at 6)

Plaintiff's second claim alleges that Metzger and Phelps are mismanaging an inmate betterment fund. (*Id.*) He explains that the fund is owned by the inmates and

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Defendants will not tell him how much money is in the account and will not allow him to vote on its spending. (*Id.*)

Plaintiff's third claim is that Metzger and Phelps will not allow him to marry unless his fiancé participates in a twelve-part group seminar. (*Id.*) Plaintiff alleges that Defendants' interpretation of BOP policy 3.36 is skewed and the policy is unconstitutional. (*Id.*)

Plaintiff seeks compensatory and punitive damages as well as injunctive relief. (*Id.* at 8)

### III. SCREENING OF COMPLAINT

#### A. Legal Standards

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

3

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Discussion

Liberally construing the Complaint as the Court must, Plaintiff has alleged what appear to be cognizable claims.

Claim 1 raises a black mold conditions of confinement claim. Plaintiff alleges both that Defendants were aware of the presence of black mold and that he suffered

4

from breathing problems as a result of the black mold. The presence of toxic mold can raise a cognizable claim under the Eighth Amendment if it poses a substantial risk of serious harm and the prison official responsible for the conditions of confinement acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Helling v. McKinney*, 509 U.S. 25, 35 (1993) (inmates should not be exposed "to levels of [environmental tobacco smoke] that pose an unreasonable risk of damage to future health"); *Stokelin v. A.C.J.F. Warden*, 2018 WL 4357482, at *2 (D.N.J. Sept. 13, 2018) (plaintiff failed to allege any risk of harm resulting from "black mold in the showers"). "Toxic mold which causes [an] inmate to suffer headaches, sinus problems, blurred vision, breathing difficulty, irritated eyes and fatigue cans [sic] set forth a viable conditions of confinement claim." *Johnson v. Beard*, 2014 WL 4793905, at *6 (M.D. Pa. Sept. 25, 2014) (quoting *Forde v. Fischer*, 2009 WL 5174650 *4 (D.N.J. Dec. 16, 2009)); *see Smith v. Leonard*, 244 F. App'x 583, 584 (5th Cir. 2007) (plaintiff stated constitutional claim where he alleged toxic mold and symptoms of headaches, sinus problems, blurred vision, difficulty in breathing, irritated eyes, and fatigue).

Claim 2 raises a due process claim. It alleges that Phelps and Metzger mismanaged the betterment fund, a fund that is owned by inmates. Claim 2 alleges that Defendants will not provide Plaintiff information about the account and will not allow him to vote on the spending of the account. The United States Constitution does not create a protected interest in property but, rather, protected property interests "stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "Inmates have a property interest in

5

funds held in prison accounts." *Reynolds v. Wagner*, 128 F.3d 166, 179 (3d Cir. 1997) (citations omitted). Therefore, an inmate is entitled to due process with respect to any deprivation of that money. *Id.* (citations omitted). Here, Plaintiff alleges that Defendants control the inmate betterment fund which could be considered a form of taking.

Despite the scant allegations, claim 3 raises a restriction on the right to marry claim. Plaintiff alleges that he not allowed to marry, and the BOP policy relied upon to prevent the marriage is not only misinterpreted, but also unconstitutional. The Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987) held that absent legitimate compelling penological objectives, the United States Constitution bars prison authorities from preventing an inmate from marrying. *See also, Miller v. Wenerowicz*, 648 F. App'x 161 (3d Cir. 2016).

Plaintiff may proceed against Defendants on Claims 1, 2, and 3.

## IV. MISCELLANEOUS MOTIONS

### A. Motion for Protective Order and Motion for Injunctive Relief

Plaintiff seeks a protective order to prohibit the DOC from transferring him from the JTVCC to the Sussex Correctional Institution ("SCI") in Georgetown, Delaware. (D.I. 4) In essence, Plaintiff seeks injunctive relief. He has concerns that he will be transferred to the SCI in retaliation for filing this lawsuit.

Plaintiff also seeks injunctive relief for a transfer to the medical unit or to a handicapped cell where he can have 24-hour access to breathing treatment. (D.I. 9) Plaintiff explains that he was diagnosed with COPD on July 9, 2019, has high blood pressure, Hep C, TB exposure, arthritis, anemia, and loss of blood in his stool each day. (*Id.* at 1) He states that medical requested his transfer to another unit that is air

6

conditioned due to his COPD. (*Id.* at 2) According to Plaintiff, Major Senato ("Senato") (who is not a defendant) denied the request, and Sgt. Nye ("Nye") (who is not a defendant) stated "that's what happens when you sue people." (*Id.*). Plaintiff also asserts that on August 3-4, 2019, Nye refused to send Plaintiff to medical for his breathing treatment. Finally, Plaintiff asserts that CO Evans ("Evans") (who is not a defendant) commented negatively about Plaintiff's medical history to other inmates. (*Id.*) Plaintiff alleges the foregoing acts are in retaliation for filing this action. (*Id.* at 3)

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). Finally, to the extent that Plaintiff seeks to enjoin nonparties in this litigation, "[a] non-party cannot be bound by the terms of an

injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 n.5 (3d Cir. 1996).

Because the Complaint had not been screened when Plaintiff filed his motions for injunctive relief, the Court entered an order for Metzger to file a response. (D.I. 14) Metzger opposes the motions. (D.I. 15)

With regard to Plaintiff's first request for injunctive relief (D.I. 4), he has failed to demonstrate irreparable harm should he be transferred to the SCI. In addition, he has failed to demonstrate the likelihood of success on the merits. Plaintiff has not been transferred and there is no evidence that he will be transferred to the SCI. Notably, Metzger states that there are no pending orders in place to transfer Plaintiff to SCI. (D.I. 15-1 at ¶ 3)

With regard to Plaintiff's second request for injunctive relief (D.I. 9), according to Metzger, Plaintiff's medical conditions have been, and are currently being, treated by DOC medical staff. (D.I. 15-1 at ¶ 4) Moreover, the second motion will be denied because it involves non-parties and allegations unrelated to the complaint. *See Hershey Foods v. Hershey Creamery Co.*, 945 F.2d 1272, 1279 (3d Cir. 1991); *Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018).

Plaintiff has not demonstrated a likelihood of success on the merits, he has not shown irreparable harm, and seeks injunctive relief against non-parties. Therefore, the Court will deny Plaintiff's motions for injunctive relief. (D.I. 4, 9)

B.  **Request for Counsel**

Plaintiff seeks counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law, the complexity of the legal issues are beyond his ability to pursue an effective investigation, the case may turn on credibility determination, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would serve "the best interest of justice", and his allegations if proved would establish a constitutional violation. (D.I. 5 at 2)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and

---

[2]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

(6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. It does not appear that the issues are complex. Also, the case is in its early stages and Defendants have not yet been served. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew.

### C. Motion to Preserve Evidence

Plaintiff moves to preserve evidence that he filed with this motion. (D.I. 6) He describes the evidence as a "swab of what is believed to be black mold." (Id. at 1) The motion will be granted to the extent that the swab has been filed with docket item 6 and is part of the filing.

### D. Motion for an Order Regarding Prison Trust Account Funds

Plaintiff seeks an order to preclude the Delaware Department of Correction ("DOC") from taking more than twenty percent of his funds. (D.I. 16) He also wants the DOC to return $30 to him that he believes were inappropriately forwarded to the Court in payment of his filing fee. Plaintiff has provided a copy of his prison trust account statement. (D.I. 19) Plaintiff's motion will be denied. Plaintiff is advised to speak with the prison business office to resolve any issues he may have with the disbursement of funds from his prison trust fund account for payment of his filing fee.

In the alternative, Plaintiff asks the Court to keep the money he has paid towards the filing fee and in exchange, he will dismiss the case if the Court will waive payment of the balance of the filing fee owed. Plaintiff's alternative request will be denied. Plaintiff filed this lawsuit and he is required by statute to pay the filing fee. See 28 U.S.C. §§ 1914, 1915.

### E. Motion for Discovery

Plaintiff asks the Court to enter an order for Connections to provide him a copy of his medical records. (D.I. 17) Plaintiff's motion will be denied. No defendants have been served, answered or otherwise appeared. In addition, the Court has not entered a scheduling and discovery order. Finally, Connections is not a party and Plaintiff must abide by the Federal Rules of Civil Procedure in seeking discovery from a non-party.

## V. CONCLUSION

For the above reasons, the Court will: (1) allow Plaintiff to proceed against Defendants; (2) deny Plaintiff's motions for injunctive relief (D.I. 4, D.I. 9); (3) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5); (6) grant Plaintiff's motion to preserve evidence (D.I. 6); and (7) deny Plaintiff's motion for an order to the DOC regarding funds and motion for discovery (D.I. 16, 17).

An appropriate order will be entered.