IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. ABBATIELLO, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1317-CFC |
| DANA METZGER, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff Anthony A. Abbatiello ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) Before the Court are several pending motions. (D.I. 23, D.I. 25, D.I. 30)

2. **Motion for Extension of Time.** Plaintiff seeks an extension of time to submit service documents and requests a copy of his complaint so that he may comply with the Court's December 3, 2019 service order. (D.I. 23) The motion will be denied as moot. Plaintiff was provided a copy of his complaint and Defendants have been served. (*See* D.I. 24, D.I. 27, D.I. 29)

3. **Motion to Appoint Expert.** Plaintiff moves for a court-appointed expert pursuant to Rule 706 to conduct scientific testing to determine if there is black mold in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

the ventilation system. (D.I. 25) Plaintiff states that an expert will benefit both sides and that testing will determine whether the claims should proceed. Defendants oppose the motion and argue that the motion is premature.

4. Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). A court does not have the power to tilt the scales in favor of one litigant by funding its expert witnesses under Rule 706. *Young v. Martin*, 801 F.3d 172, 185 (3d Cir. 2015) (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)). Also, "Rule 706 is not intended to ensure that indigent plaintiffs have access to expert witnesses in order to make their case." *Stones v. McDonald,* 7 F. Supp. 3d 422, 432 (D. Del.), *aff'd*, 573 F. App'x 236 (3d Cir 2014).

5. In addition, as explained by the Third Circuit, "the District Court could appoint an expert for the purpose of assisting the Court, and the rule is clear that an expert so appointed should be paid either from 'funds provided by law' or 'by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.'" *Young*, 801 F.3d at 185 (citations omitted). Finally, were the Court to use Rule 706 to appoint an expert witness, the exercise of such authority is in the Court's discretion. *Born v. Monmouth Cty. Correct. Inst.*, 458 F. App'x 193, 198 (3d Cir. 2012) (citing *Hannah v. United States*, 523 F.3d 597, 601 n.2 (5th Cir. 2008).

6. Plaintiff's motion is premature. There are pending motions to dismiss, no discovery has taken place, and it is far from clear that an expert is necessary. The motion to appoint an expert will be denied. (D.I. 25)

2

7. **Motion to Dismiss**. Defendant David Hugg ("Hugg") moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not file an opposition to the motion.

8. Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

9. When considering Rule 12(b)(6) motions to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

10. Plaintiff is housed at the JTVCC in Smyrna, Delaware. As Hugg correctly notes, the Complaint mistakenly alleges that the JTVCC is located in Dover, Delaware. (*See* D.I. 3 at 3) The Complaint alleges there is black mold growing inside airducts in the ventilation system due to a building code violation and that Hugg, the Director of

3

Planning and Inspection for the City of Dover, Delaware, allowed JTVCC Defendants to maintain a certificate of occupancy despite the clear building code violations. (D.I. 3 at 5)

11. Hugg moves for dismissal on the grounds that he has no judication or control over the JTVCC, has no control over any ventilation system at the prison, and had been mistakenly named in the Complaint.  Upon review of the Complaint, and the incorrect JTVCC address Plaintiff provided, it is clear that Plaintiff has failed to state a claim upon which relief may be granted against Hugg, who is the Director Planning and Inspection for the City of Dover, Delaware, and who is not affiliated with the Building and Inspection Department for the Town of Smyrna, Delaware.  The Court will grant Hugg's motion to dismiss.  (D.I. 30)

12. **Conclusion**.  Based upon the above discussion, the Court will:  (1) deny as moot Plaintiff's motion for an extension of time (D.I. 23); (2) deny Plaintiff's motion for a court appointment expert (D.I. 25); and (3) grant Defendant David Hugg's motion to dismiss (D.I. 30).  A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

August 18, 2020
Wilmington, Delaware